MICHAEL B. IJAMS (Bar No. 084150)
WILLIAM A. LAPCEVIC (Bar No. 238893)
JEENI R. PHILLIPS (Bar No. 258904)
**CURTIS & ARATA**
A Professional Law Corporation
1300 K Street, Second Floor (95354)
P.O. Box 3030
Modesto, CA 95353
(209) 521-1800; (209) 572-3501 FAX
mijams@CurtisAndArata.com

Attorneys for Rodney K. Lowe, individually and
as Trustee of the R&K Lowe 1997 Revocable Trust,
the Merissa Shea Lowe Irrevocable Trust, and the
Kara Brook Lowe Irrevocable Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT ENNIS, | No. 2:08-CV-01301-GEB-EFB |
|---|---|
| Plaintiff, | **STIPULATION FOR FILING FIRST AMENDED ANSWER OF DEFENDANT RODNEY K. LOWE, INDIVIDUALLY AND AS TRUSTEE OF THE R&K LOWE 1997 REVOCABLE TRUST, THE MERISSA SHEA LOWE IRREVOCABLE TRUST, AND THE KARA BROOK LOWE IRREVOCABLE TRUST; AND ORDER THEREON** |
| v. | |
| MORTGAGE TREE LENDING, INC., a California corporation; DIANA GROSSMANN, an individual; ROBERT DRAIZEN, an individual; PATRICK MIZE, an individual; and RODNEY K. LOWE, an individual and Trustee of the R&K Lowe 1997 Revocable Trust, the Merissa Shea Lowe Irrevocable Trust, and the Kara Brook Lowe Irrevocable Trust, | **[FED R CIV P 15(A)]** |
| Defendants. | |

It is stipulated by the undersigned parties, by and through their respective attorneys of record, that pursuant to Rule 15 of the Federal Rules of Civil Procedure, they consent that the answer filed on July 13, 2008 by defendants Rodney K. Lowe, individually and as Trustee of the R&K Lowe 1997 Revocable Trust, the Merissa Shea Lowe Irrevocable Trust, and the Kara Brook Lowe Irrevocable Trust be deemed withdrawn, and that defendant Lowe may file his "FIRST AMENDED ANSWER OF RODNEY K. LOWE, INDIVIDUALLY AND AS TRUSTEE OF THE R&K LOWE 1997

REVOCABLE TRUST, THE MERISSA SHEA LOWE IRREVOCABLE TRUST, AND THE KARA BROOK LOWE IRREVOCABLE TRUST TO AMENDED COMPLAINT and DEMAND FOR JURY TRIAL in the form attached hereto as Exhibit A.

        HALL ZANZIG CLAFLIN MCEACHERN

Dated: 6/8/09        By /s/ Janet D. McEachern
            JANET D. MCEACHERN
            Attorneys for Robert Ennis

~~BULLIVANT HOUSER BAILEY~~ GIANELLI & ASSOCIATES

Dated: 6-8-09        By /s/ David C. Johnston
            DAVID C. JOHNSTON
            Attorneys for Mortgage Tree Lending, Inc.

BARRY UBALDI MCPHERSON & FLESHER

Dated: 6/5/09        By /s/ I. Hooshie Broomand
            I. HOOSHIE BROOMAND
            Attorneys for Robert Draizen and Patrick Mize

CURTIS & ARATA
A Professional Law Corporation

Dated: 6/9/09        By /s/ Michael B. Ijams
            MICHAEL B. IJAMS
            Attorneys for Defendant Rodney K. Lowe, individually and as Trustee of the R&K Lowe 1997 Revocable Trust, the Merissa Shea Lowe Irrevocable Trust, and the Kara Brook Lowe Irrevocable Trust

IT IS SO ORDERED.

Dated: June 9, 2009

        GARLAND E. BURRELL, JR.
        United States District Judge

WILLIAM A. LAPCEVIC (Bar No. 238893)
JEENI R. PHILLIPS (Bar No. 258904)
**CURTIS & ARATA**
A Professional Law Corporation
1300 K Street, Second Floor (95354)
P.O. Box 3030
Modesto, CA 95353
(209) 521-1800; (209) 572-3501 FAX
mijams@CurtisAndArata.com

Attorneys for Rodney K. Lowe, individually and
as Trustee of the R&K Lowe 1997 Revocable Trust,
the Merissa Shea Lowe Irrevocable Trust, and the
Kara Brook Lowe Irrevocable Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ENNIS, | No. 2:08-CV-01301-GEB-EFB |
| Plaintiff, | **[PROPOSED] FIRST AMENDED ANSWER OF RODNEY K. LOWE, INDIVIDUALLY AND AS TRUSTEE OF THE R&K LOWE 1997 REVOCABLE TRUST, THE MERISSA SHEA LOWE IRREVOCABLE TRUST, AND THE KARA BROOK LOWE IRREVOCABLE TRUST TO AMENDED COMPLAINT** |
| v. | |
| MORTGAGE TREE LENDING, INC., a California corporation; DIANA GROSSMANN, an individual; ROBERT DRAIZEN, an individual; PATRICK MIZE, an individual; and RODNEY K. LOWE, an individual and Trustee of the R&K Lowe 1997 Revocable Trust, the Merissa Shea Lowe Irrevocable Trust, and the Kara Brook Lowe Irrevocable Trust, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants RODNEY K. LOWE, INDIVIDUALLY AND AS TRUSTEE OF THE

R&K LOWE 1997 REVOCABLE TRUST, THE MERISSA SHEA LOWE IRREVOCABLE

---

**[PROPOSED] AMENDED ANSWER OF LOWE DEFENDANTS TO AMENDED COMPLAINT; JURY DEMAND**

TRUST, AND THE KARA BROOK LOWE IRREVOCABLE TRUST, answering for themselves alone, admit, deny, and allege as follows:

(The paragraphs of this answer are numbered to correspond to the paragraphs of the amended complaint.)

## PARTIES

1. Responding parties lack sufficient information and belief to admit or deny this allegation, and therefore deny such allegation on that basis.

2. Responding parties deny that defendant MortgageTree Lending, Inc. is registered to do business in the State of Washington. Responding parties admit the remaining allegations.

3. Responding parties admit these allegations.

4. Responding parties admit these allegations.

5. Responding parties admit these allegations.

6. Responding parties admit these allegations.

## JURISDICTION AND VENUE

7. Responding parties admit that defendant MortgageTree is a corporation, but deny that it transacts business in King County, Washington.

8. Responding parties lack sufficient information or belief to admit or deny the propriety of jurisdiction and venue pursuant to the Revised Code of Washington, and therefore deny such allegations on that basis. Responding parties admit that jurisdiction and venue are proper in the Eastern District of California, but deny that intradistrict venue is proper in Sacramento. Responding parties allege that the proper intradistrict venue is Fresno, pursuant to Local Rule 3-120(d), and reserve their rights to move for transfer pursuant to Local Rule 3-120(f).

## FACTS

9. Responding parties lack sufficient information or belief to admit or deny the allegation that plaintiff owned the "assets of the branch office," and therefore deny that allegation on that basis. Responding parties admit the remaining allegations.

[PROPOSED] AMENDED ANSWER OF LOWE DEFENDANTS TO AMENDED COMPLAINT; JURY DEMAND    2

1       10. Responding parties admit that the agreement between the parties included the language alleged. However, responding parties deny that the language quoted is all of the language in the agreement relevant to plaintiff's compensation.

      11. Responding parties lack sufficient information or belief to admit or deny that the fire loss resulted in a loss of business, or the extent of any loss, and on that basis deny those allegations. Responding parties further lack sufficient information or belief to admit or deny that plaintiff received "significantly reduced compensation" due to a "loss of business," and therefore deny those allegations on that basis. Responding parties admit the remaining allegations.

      12. Responding parties lack sufficient information or belief to admit or deny that Town & Country was an insured, and on that basis deny such allegation. Responding parties further lack sufficient information or belief to admit or deny that lost business income exceeded $500,000, or any amount, and on that basis deny such allegation.

      13. Responding parties admit these allegations.

      14. Responding parties admit the allegations, and admit that the agreement between the parties contains the quoted language, but deny that the quoted language encompasses all of the terms agreed upon among the parties.

      15. Responding parties admit this allegation.

      16. Responding parties admit this allegation.

      17. Responding parties deny this allegation.

      18. Responding parties lack sufficient information or belief to admit or deny when plaintiff learned about the insurance settlement, and deny such allegation on that basis. Responding parties further lack sufficient information or belief to admit or deny that defendant Mize promised to respond to plaintiff within 48 hours, and therefore deny such allegation on that basis. Responding parties admit the remaining allegations.

      19. Responding parties admit the allegations, but deny that the quoted portions include all of the e-mails exchanged by defendants in response to plaintiff's e-mail.

      20. Responding parties deny these allegations.

**[PROPOSED] AMENDED ANSWER OF LOWE DEFENDANTS TO AMENDED COMPLAINT; JURY DEMAND**  3

21. Responding parties deny these allegations.

22. Responding parties deny this allegation.

AFFIRMATIVE DEFENSES

1. **FAILURE TO STATE CLAIM.** The operative complaint fails to state a claim upon which relief can be granted.

2. **DELAY IN PERFORMANCE EXCUSED.** Any delay in performance of the obligation complained of is excused by the acts or omissions of plaintiff causing or inducing such delay, or preventing performance, pursuant to California Civil Code section 1511.

3. **BREACH BY PLAINTIFF.** Plaintiff committed a prior or contemporaneous breach of the contract alleged, and any breach by answering party is therefore excused.

4. **WAIVER.** By reason of plaintiff's own action or inaction, and/or that of its agents, servants, and employees, plaintiff has waived any and all claims arising out of the matters complained of herein.

5. **ESTOPPEL**. Plaintiff is estopped from recovery by virtue of conduct causing, directing, ordering, approving, or ratifying the matters complained of herein.

6. **DOCTRINE OF UNCLEAN HANDS.** Plaintiff's claim is barred, in whole or in part, because of conduct constituting unclean hands.

7. **LEGITIMATE AND BONA FIDE DISPUTE.** Any failure to pay any wages that may have been owed to plaintiff were the result of a legitimate and bona fide dispute between employer or employee, and/or a genuine belief by employer that it was not obligated to pay all or part of any wages found owing.

8. **RELEASE OF CLAIM.** On September 28, 2004, plaintiff and defendant Mortgage Tree Landing, Inc. entered into a written agreement in compromise of a claim by plaintiff whereby defendant Mortgage Tree Lending, Inc. paid money to plaintiff, and in partial consideration thereof, plaintiff released all wage claims against Mortgage Tree Lending, Inc., and its servants, officers, directors, employees, franchisees, attorneys, trustees, representatives, shareholders, parent, subsidiary, or affiliate corporations.

9. **ACCORD AND SATISFACTION.** Plaintiff has entered into an accord and satisfaction of any obligations alleged, such accord and satisfaction has been performed, and any obligations alleged by plaintiff are extinguished.

10. **NOVATION.** Plaintiff has entered into a novation of any obligations alleged, such novation has been performed, and any obligations alleged by plaintiff are extinguished.

11. **FAILURE TO MITIGATE DAMAGES.** Plaintiff failed to mitigate and minimize his losses and damages, if any, and recovery is therefore barred or proportionately reduced.

## PRAYER

WHEREFORE, these answering defendants pray judgment against plaintiff as follows:

1. That plaintiff take nothing by reason of the amended complaint;
2. For reasonable attorneys fees as provided by law or by agreement between the parties;
3. For costs of suit; and
4. For such other and further relief as the court may deem just and proper under the circumstances.

CURTIS & ARATA
A Professional Law Corporation

Dated: _____, 2009    By_____
                                MICHAEL B. IJAMS
                                Attorneys for Rodney K. Lowe, individually and as Trustee of the R&K Lowe 1997 Revocable Trust, the Merissa Shea Lowe Irrevocable Trust, and the Kara Brook Lowe Irrevocable Trust

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure Rule 38(b), defendants Rodney K. Lowe, individually and as Trustee of the R&K Lowe 1997 Revocable Trust, the Merissa

1  Shea Lowe Irrevocable Trust, and the Kara Brook Lowe Irrevocable Trust hereby
2  demand trial by jury.

3                                    CURTIS & ARATA
                                     A Professional Law Corporation
4

5

6  Dated: _____, 2009    By_____
                                     MICHAEL B. IJAMS
7                                    Attorneys for Rodney K. Lowe, individually and as
                                     Trustee of the R&K Lowe 1997 Revocable Trust, the
8                                    Merissa Shea Lowe Irrevocable Trust, and the Kara
                                     Brook Lowe Irrevocable Trust
9