IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Robert Ennis,                      )
                                   )
            Plaintiff,             )   2:08-cv-01301-GEB-EFB
                                   )
       v.                          )   ORDER
                                   )
Mortgage Tree Lending, Inc.,       )
Diana Grossman, Robert Draizen,    )
Patrick Mize and Rodney Lowe,      )
                                   )
            Defendants.            )
_____)
```

Defendants Robert Draizen, Patrick Mize and Rodney Lowe (collectively, Defendants) each filed a motion for summary judgment on certain of Plaintiff Robert Ennis' claims on August 28, 2009. (See Docket Nos. 73, 77 and 82.) For the reasons stated below, the parties shall file supplemental briefs on the law applicable to Plaintiff's non-contract claims.

The removal of this case from state court and a subsequent order transferring venue bears on the issue ordered briefed. This case was removed from the King County Superior Court in the State of Washington to federal court in the Eastern District of Washington based on diversity of citizenship; and, was subsequently transferred to federal court in the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

1

Defendants argue California law applies to Plaintiff's non-contract claims because the "Agreement, Waiver and General Release" (Agreement) executed by Plaintiff and Defendant Mortgage Tree Lending, Inc. includes a choice-of-law provision. (Def. Lowe's Mem. In Support of Mot. For Summ. Adj., 6; Def. Draizen's Memo. In Support of Mot. For Summ. J., 8; Def. Mize's Memo. In Support of Mot. For Summ. J, 8.) Specifically, paragraph 13 of the Agreement provides: "This Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of California." (Agreement, Waiver and General Release, McEachern Decl., Ex. 4.) Plaintiff concedes California law applies to his breach of contract claim, but argues Washington law governs his other claims. (Pl.'s Oppn., 21-22.)

As explained by the Ninth Circuit:

> A federal district court must apply the state law that would be applied by the state court of the state in which it sits. This is true whether the basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 or federal question under 28 U.S.C. § 1331. After a transfer pursuant to 28 U.S.C. § 1404(a), the transferee district court generally must apply the state law that the transferor district court would have applied had the case not been transferred. Since the transferor district court was in [Washington], the [California] district court [is] required to apply the law that a [Washington] state court would have applied, including the conflicts law of [Washington].

Shannon-Vail Five, Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001). Shannon-Vail Five reveals that Washington's conflicts law principles are used to determine the law that applies to Plaintiff's non-contract claims.

Defendants argue since California law governs Plaintiff's breach of contract claim, it also governs Plaintiff's other claims. Defendants, however, fail to provide any pertinent authority supporting this argument. Plaintiff counters Defendants may not

extend the contractual choice-of-law provision in the Agreement to Plaintiff's non-contract claims, but he also fails to provide any authority supporting his argument.

In their briefs, no party applied Washington's conflicts law to determine what law governs Plaintiff's non-contract claims. Even if California law governs Plaintiff's breach of contract claim, that conclusion does not resolve the issue of what law applies to Plaintiff's non-contract claims. See Haberman v. Washington Pub. Power Supply Sys., 744 P.2d 1032, 1066 (Wash. 1987) ("[A] choice of law provision in a contract does not govern tort claims arising out of the contract...."). Further, the parties appear to assume, without citing to authority, that the same state's law applies to each non-contract claim. However, as noted in Specialty Surplus Ins. Co. v. Second Chance, Inc., "while it may be appropriate to apply the law of the forum state to one claim... it may also be appropriate to apply a foreign jurisdiction's laws to another claim...." Specialty Surplus Ins. Co. v. Second Chance, Inc., 2006 WL 581024, at *1 (W.D. Wash. Mar. 8, 2006).

Since the parties failed to adequately brief what law applies to Plaintiff's non-contract claims, each party shall file a supplemental brief addressing this issue no later than Wednesday, October 7, 2009. The hearing on each Defendant's motion for summary judgment is continued to October 26, 2009, commencing at 9 a.m.

Dated: September 24, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

3