IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ROBERT ENNIS,                         )
                                      )
          Plaintiff,                  )   2:08-cv-01301 GEB-EFB
                                      )
     v.                               )   ORDER GRANTING DEFENDANTS
                                      )   DRAIZEN, MIZE AND LOWE'S
MORTGAGE TREE LENDING, INC., DIANA    )   MOTIONS FOR SUMMARY JUDGMENT*
GROSSMAN, ROBERT DRAIZEN, PATRICK     )
MIZE AND RODNEY LOWE,                 )
                                      )
          Defendants.                 )
_____)
```

On August 28, 2009, Defendants Robert Draizen, Patrick Mize and Rodney Lowe (collectively, "Defendants") individually moved for summary judgment on certain of Plaintiff Robert Ennis' claims.[1] Plaintiff opposed the summary judgment motions. Following receipt of the briefs, an order issued directing the parties to file supplemental briefs addressing, under conflict-of-laws principles, the law

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h)

[1] Defendants Draizen and Mize also filed motions requesting that judicial notice be taken of Plaintiff's original complaint filed in the Superior Court of Washington for King County, the filed notice of removal of that state court action, and the Washington District Court's order denying Defendant Lowe's motion to dismiss and transferring this case to this district. Since these documents are part of the docket in this action the motions for judicial notice were unnecessary and are DENIED as moot.

1

applicable to each of Plaintiff's non-contract claims.  For the reasons stated below, each Defendant's motion is GRANTED.

## I. Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment serves to "isolate and dispose of factually unsupported claims and defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-34 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial.  Celotex, 477 U.S. at 323.  If the moving party satisfies its burden, "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)(quotations omitted).  If the non-moving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. Summary of Undisputed Facts

The material facts in this case are largely undisputed by the parties.  On December 1, 2000, Plaintiff entered into an employment agreement (the "Employment Agreement") with MoneyTree Lending, the predecessor of MortgageTree Lending ("MortgageTree").  (Pla.'s

Response to Def. Lowe's Statement of Undisputed Facts ("SUF") ¶ 1.) Plaintiff was employed as the branch manager of MortgageTree's office in Puyallup, Washington. (Id. ¶ 2.) The Employment Agreement provided that Plaintiff would receive as compensation one-hundred percent of the net income generated by the Puyallup branch. (Id. ¶ 3.)

On or about December 22, 2002, there was a fire at MortgageTree's Puyallup office. (Id. ¶ 4.) As a result of damage from the fire, Plaintiff could not operate the business from the retail office and had to work from his residence. (Id. ¶ 5.) This displacement resulted in a substantial loss of revenue for the Puyallup branch. (Id. ¶ 6.)

On October 27, 2003, Plaintiff entered into an Agreement, Waiver and General Release (the "Agreement") with MortgageTree to jointly pursue a claim against MortgageTree's insurer to recover business losses caused by the fire. (Id. ¶ 7; McEachern Decl., Ex. 4.) The Agreement prescribes how any recovered insurance proceeds would be split between Plaintiff and MortgageTree. Specifically, Paragraph 2(d) provides that "[u]pon conclusion of the matter and payment of any claim for loss of business, [MortgageTree] and [Plaintiff] shall apportion the proceeds based upon the prorata share that such would have been shared if it were income in the normal course of business between [MortgageTree] and the Branch." (McEachern Decl., Ex. 4.) Paragraph 13 of the Agreement states "[t]his Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of California." (Id.)

Plaintiff resigned from employment with MortgageTree in November 2003. (Pla.'s Response to Def. Lowe's SUF ¶ 15.) In March 2007,

1  MortgageTree settled the insurance claim for business losses with its
2  insurer for approximately $378,000.  (Id. ¶ 18.)  Plaintiff's evidence
3  suggests the insurance settlement proceeds were used to pay off a line
4  of credit debt that MortgageTree had with a warehouse; Defendant Lowe
5  was the sole guarantor of that line of credit.  (Pla.'s Response to
6  Defs.' Mize and Draizen's SUF ¶ 20; McEachern Decl., Exs. 9, 10.)
7  Plaintiff never received any portion of the insurance proceeds.
8  (Pla.'s Response to Lowe's SUF ¶ 21; McEachern Decl., Ex. 3.)  On
9  February 4, 2009, MortgageTree filed for bankruptcy.  (Id. ¶ 20.)
10       On January 15, 2008, Plaintiff filed suit in Washington State
11 court against MortgageTree, Diana Grossman, Robert Draizen, Patrick
12 Mize and Rodney Lowe, seeking to recover the insurance settlement
13 proceeds to which he alleges he is entitled under the Agreement.
14 Plaintiff's complaint alleges claims of breach of contract,
15 conversion, unjust enrichment, breach of fiduciary duty, negligence
16 and wrongful withholding of wages under Washington statute.
17 Defendants removed the case to the United States District Court in the
18 Western District of Washington.  (Docket No. 1.)  On May 16, 2008,
19 that Court transferred the action to the Eastern District of
20 California under 28 U.S.C. § 1404(a).
21      III.  <u>Governing Law</u>
22       Decision on each Defendant's motion requires determination of the
23 law applicable to each of Plaintiff's claims involved in the motions.
24 "A federal district court must apply the state law that would be
25 applied by the state court of the state in which it sits.  This is
26 true whether the basis for subject matter jurisdiction is diversity of
27 citizenship under 28 U.S.C. § 1332 or federal question under 28 U.S.C.
28 § 1331.  After a transfer pursuant to 28 U.S.C. § 1404(a), the

1  transferee district court generally must apply the state law that the
2  transferor district court would have applied had the case not been
3  transferred." Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210
4  (9th Cir. 2001)(citations omitted).  In this case, "[s]ince the
5  transferor district court [is] in Washington, [the Court must] apply
6  the law that a [Washington] state court would have applied, including
7  the conflicts law of Washington." Id.
8     The parties agree that under Paragraph 13 of the Agreement,
9  California law applies to Plaintiff's breach of the Agreement claim
10 against MortgageTree.  (Opp'n. 21:19-21.)  However, that "choice-of-
11 law" provision does not resolve the issue of what law applies to
12 Plaintiff's non-contract claims.  See Haberman v. Washington Pub.
13 Power Supply Sys., 109 Wash.2d 107, 159, 744 P.2d 1032, 1066
14 (1987)("[A] choice of law provision in a contract does not govern tort
15 claims arising out of the contract . . . .").
16    The supplemental briefs received on the choice-of-law issue
17 reveal the parties agree that under Washington conflict-of-laws
18 principles, California law applies to Plaintiff's tort claims of
19 tortious interference with contractual relations and unjust
20 enrichment.  Accordingly, California law will be applied to those
21 claims.  However, the parties dispute the law applicable to
22 Plaintiff's wrongful withholding of wages claim.  (Pla.'s Supp. Memo.
23 2:7-15.)
24    Plaintiff's wage claim is based upon the following language in
25 Paragraph 2(d) of the Agreement: "[u]pon . . . payment [to
26 MortgageTree] of any [insurance] claim for loss of business,
27 [MortgageTree and Plaintiff] shall apportion the proceeds based upon
28 the prorata share that such would have been shared if it were income

in the normal course of business . . . ." (McEachern Decl., Ex. 4.) Plaintiff argues Paragraph 2(d) reflects the parties' intent to treat the insurance settlement proceeds as wages, and since MortgageTree failed to pay him his share of the proceeds, Defendants are liable for wrongfully withholding Plaintiff's wages due under the Agreement.

Defendants Draizen and Mize argue since Plaintiff's wrongful withholding of wages claim arises from the alleged breach of the Agreement, Paragraph 13 governs, and California law applies. (Defs. Draizen and Mize's Mot. for Summ. J. 8; Def. Lowe's Mot. for Summ. J 6-8.) Plaintiff concedes the Agreement is to be "construed and interpreted" in accordance with California law; however, he asserts his wage claim is a "non-contract" claim governed by Washington law. (Pla.'s Opp'n. 21-22.)

Plaintiff's wage claim, however, is based upon his interpretation of Paragraph 2(d) and the argument that the parties intended the insurance settlement proceeds at issue to be treated as "wages." Defendants argue Paragraph 2(d) represents only a means of apportioning the insurance settlement proceeds and that the proceeds allegedly due to Plaintiff are not wages. Therefore, Plaintiff's wage claim requires interpreting the Agreement, which all parties agree, is to be construed and interpreted under California law. Since the terms of the Agreement are central to Plaintiff's wage claim, California law must govern this claim and will be applied.

This conclusion is supported by the fact that Plaintiff seems to be merely "recast[ing his] breach of contract cause of action as a tort cause of action" for wrongful withholding of wages. <u>Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group</u>, 143 Cal.App.4th 1036, 1041 (2006). Like his breach of contract claim, Plaintiff's

6

1  wage claim seeks to recover the proceeds he is allegedly due under the
2  Agreement, but from the individual Defendants instead of the bankrupt
3  corporation with whom he entered into the Agreement.  However, in both
4  California and Washington "[a] person may not ordinarily recover in
5  tort for the breach of duties that merely restate contractual
6  obligations.  Instead, courts will generally enforce the breach of a
7  contractual promise through contract law, except when the actions that
8  constitute the breach violate a social policy that merits the
9  imposition of tort remedies." Id. (quotations omitted); Alejandre v.
10 Bull, 159 Wash.2d 674, 682, 152 P.3d 864 (2007)(stating that
11 Washington's economic loss doctrine "prohibits plaintiffs from
12 recovering in tort economic losses to which their entitlement flows
13 only from contract because tort law is not intended to compensate
14 parties for losses suffered as a result of a breach of duties assumed
15 only by agreement.").  However, whether Plaintiff's wrongful
16 withholding of wages claim may be maintained as a separate cause of
17 action from his breach of contract claim need not be reached because
18 each Defendant's motion is premised on the assumption that Plaintiff
19 has stated a separate claim.
20     IV.  Discussion
21     Defendant Lowe seeks summary judgment on Plaintiff's wrongful
22 withholding of wages claim.  Defendants Mize and Draizen also seek
23 summary judgment on this wage claim, and further seek summary judgment
24 on Plaintiff's claims of unjust enrichment and tortious interference
25 with contractual relations.
26         A.  Wrongful Withholding of Wages
27     California law does not provide a private cause of action to
28 recover unpaid wages from individual corporate officers.  See Kurian

v. U.S. Mtg. Capital, Inc., 2008 WL 2405998, at *7 (Cal. Ct. App. June 16, 2008). "[U]nder California wage law . . . individual corporate officers or supervisors are not liable for unpaid wages, because they do not fall within the common law definition of employer." Id. (quotations omitted). Defendants Draizen, Mize and Lowe were corporate officers of MortgageTree and therefore Plaintiff's wage claim fails as a matter of law. (See Pla.'s Response to Def.'s Mize and Draizen's SUF ¶¶ 17, 22; McEachern Decl., Ex. 23.) Each Defendant's motion for summary judgment is granted on Plaintiff's wrongful withholding of wages claim.

        B.   <u>Tortious Interference with Contractual Relations</u>

Defendants Mize and Draizen seek summary judgment on Plaintiff's tortious interference with contractual relations claim, arguing that as officers and executives of MortgageTree, they cannot be held liable for this claim. Plaintiff alleges in his complaint that Mize and Draizen induced MortgageTree to breach the terms of the Agreement, thereby tortiously interfering with Plaintiff's contract with MortgageTree.

To prevail on this claim under California law, Plaintiff must establish that: (1) there was a valid contract between plaintiff and a third-party; (2) the defendant had knowledge of the contract; (3) the defendant engaged in intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship occurred; and (5) the plaintiff suffered damages. Pacific Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126 (1990). However, "the tort cause of action for interference with a contract does not lie against a party to the contract." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7

1  Cal.4th 503, 514 (1994).  Further "corporate agents and employees
2  acting for and on behalf of a corporation cannot be held liable for
3  inducing a breach of the corporation's contract."  Mintz v. Blue Cross
4  of California, 172 Cal.App.4th 1594, 1604 (2009).
5       Defendant Mize was the Chief Financial Officer of MortgageTree
6  and Defendant Draizen was the Chief Operations Officer.  (Pla.'s
7  Response to Def.'s Mize and Draizen's SUF ¶¶ 17, 22.)  Accordingly,
8  Defendants Mize and Draizen were "corporate agents" of MortgageTree
9  and under California law they cannot be held liable for inducing a
10 breach of MortgageTree's contract with Plaintiff.  Accordingly, each
11 Defendant's motion for summary judgment on Plaintiff's tortious
12 interference with contractual relations claim is granted
13            C.   Unjust Enrichment
14      Defendants Mize and Draizen seek summary judgment on Plaintiff's
15 unjust enrichment claim.  Plaintiff alleges these Defendants were
16 unjustly enriched since they personally benefitted from the insurance
17 proceeds that Plaintiff was entitled to receive under the Agreement.
18 Defendants Mize and Draizen each declare that the insurance settlement
19 "proceeds were never distributed in any manner, either directly or
20 indirectly to [either of them]."  (Draizen Decl. ¶ 12; Mize Decl. ¶
21 5.)  Plaintiff counters with evidence of Defendant Mize's "Earnings
22 Statement" for the period beginning April 16, 2007 and ending April
23 30, 2007 which demonstrates that during that period, Mize received the
24 gross pay of $4,583.33 for 86.67 hours of work.  (McEachern Decl., Ex.
25 30.)
26      Under California law, a claim of unjust enrichment requires that
27 there be "receipt of a benefit and unjust retention of the benefit *at*
28 *the expense of another*."  Hirsch v. Bank of America, 107 Cal.App.4th

9

708, 715 (2003)(emphasis in original).  Plaintiff's evidence demonstrates that Defendant Mize received a paycheck from MortgageTree in April 2007, after MortgageTree received the insurance settlement proceeds.  (Pla.'s Response to Def. Mize and Draizen's SUF ¶ 18.) This evidence, however, only shows that Mize received a paycheck from MortgageTree for 86.67 hours of work and is insufficient to demonstrate that Mize received a benefit at Plaintiff's expense. Therefore, each Defendant's motion for summary judgment is granted on Plaintiff's unjust enrichment claim.

V. <u>Conclusion</u>

For the reasons stated above, each Defendant's motion for summary judgment is GRANTED.

Dated:  October 29, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge