IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ENNIS,                         )
                                      )
            Plaintiff,                )    2:08-cv-01301-GEB-EFG
                                      )
      v.                              )    ORDER ON MOTIONS IN LIMINE
                                      )
MORTGAGE TREE LENDING, INC., et al.)
                                      )
            Defendants.               )
_____)

Defendants Rodney Lowe, Patrick Mize and Robert Draizen and Plaintiff have filed motions in limine seeking to preclude the admission of certain evidence at trial.  The parties' motions are addressed in turn below.

### I.  Defendants' Motions in Limine

**A.   Defendants' Motion in Limine No. 1**

Defendants argue Plaintiff should be precluded from offering evidence, testimony, attorney argument or other comments concerning Plaintiff's assertion that he is owed $247,115.00 as damages since Plaintiff failed to properly disclose an updated computation of his alleged damages as required by Federal Rules of Civil Procedure 26(a)(1)(A)(iii) and 26(e)(1)(A).  Plaintiff responds that he did provide an updated calculation of his damages through an answer to Defendants' special interrogatories.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) "requires the disclosure of a computation of each category of damages claimed by

the disclosing party. Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures in a timely manner when the prior response is incomplete or inaccurate." <u>Hoffman v. Construction Protective Services, Inc.</u>, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii) and 26(e)(1)(A)).

Plaintiff's answer to Defendants' special interrogatories states:

> <u>SPECIAL INTERROGATORY NO. 9</u>: Please set forth with particularity the formula YOU intend to use to support YOUR contention that you are entitled to any of the proceeds from the ZURICH CLAIM.
>
> <u>ANSWER</u>: Plaintiff intends to calculate the portion of the proceeds that belonged to him as follows:
> 1. MortgageTree's percentage of the total claim submitted to Zurich should be calculated by multiplying the number of loans on which the claim was based times a fee of $1,325 per loan and dividing the result by the total claim submitted to Zurich ("MortgageTree's Percentage"). Based on the documents provided by MortgageTree, the calculation would be as follows:
>
> ($1,325 x 165 loans)/$811,871 = 27 percent
>
> 2. Plaintiff's percentage of the total claim should be calculated by subtracting MortgageTree's Percentage from 100 percent ("Plaintiff's Percentage"). Based on the above calculation of MortgageTree's Percentage, Plaintiff's Percentage would be as follows:
>
> 100 percent - 27 percent = 73 percent
>
> 3. The amount of the proceeds that belong to [P]laintiff should be calculated by multiplying the total amount of the settlement proceeds times Plaintiff's Percentage.
>
> $378,000 x 73 percent = $275,940.

>>Plaintiff should be responsible for paying Plaintiff's percentage of costs and attorneys' fees actually paid by MortgageTree to Laurence Berman relating to the claim against Zurich.

(Pl.'s Answer to Draizen's Special Interrogs. 7:21-8:23; Pl.'s Answer to Mize's Special Interrogs. 7:18-8:14.)

Defendants have not shown that Plaintiff's answer to Defendants' special interrogatories runs afoul of Federal Rules of Civil Procedure 26(a)(1)(A)(iii) or 26(e)(1)(A) and that Plaintiff should be precluded from offering evidence, testimony, attorney argument or other comments at trial concerning his assertion of damages. See Reyes v. City of Glendale, No. 05-0253 CAS (MANx), 2009 WL 2579614, at *5-6 (Aug. 19, 2009) (finding that plaintiff "sufficiently demonstrated that he has adequately disclosed evidence regarding damages" through his deposition testimony and responses to interrogatories). Therefore, Defendants' motion in limine no. 1 is denied.

**B.   Defendants' Motion in Limine No. 2**

Defendants also argue Plaintiff should be precluded from offering evidence or expert testimony as to his damages calculation since Plaintiff is not qualified as an expert under Federal Rule of Evidence 702 and the basis of his damages calculation is unreliable. Plaintiff responds that "[p]roof of damages does not require expert testimony."

It is unclear what testimony is involved in this motion, therefore, Defendants' motion in limine no. 2 is denied.

**C.   Defendants' Motion in Limine No. 3**

Lastly, Defendants argue Plaintiff should be precluded from offering evidence, lay testimony, attorney argument or other comments

regarding his calculation of damages under Federal Rule of Evidence 701 since Plaintiff "bases his calculations merely on speculation and calculations performed by parties other than himself." Plaintiff responds that he is entitled to rely on information produced by defendants in calculating his damages.

It is also unclear what testimony is involved in this motion, therefore, Defendants' motion in limine no. 3 is denied.

## II.  Plaintiff's Motion in Limine

Plaintiff filed a motion in limine in which he seeks to preclude the testimony of two witnesses as well as exclude broad swaths of evidence. Plaintiff, however, has provided no argument or authority in support of his motion. Therefore, Plaintiff's motion in limine is denied.

Dated:  April 19, 2010

GARLAND E. BURRELL, JR.
United States District Judge

4