IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ENNIS,                        )
                                     )
                Plaintiff,           )      2:08-cv-01301-GEB-EFG
                                     )
          v.                         )      Order Attached to Draft
                                     )      Trial Documents
MORTGAGE TREE LENDING, INC., et al.) )
                                     )
                Defendants.          )
_____    )

        The parties have submitted separate proposed and disputed
jury instructions.  These filings present a number of issues which are
addressed below.

        The Final Pretrial Order filed on November 25, 2009 ("FPO")
preserves the following claims for trial: conversion, breach of
fiduciary duty, and disregard of the corporate entity.  Each party
filed proposed jury instructions for these claims under California law
without discussing whether another state's law applies to any of these
claims, thereby indicating their agreement that California law should
govern.

        Defendants' proposed jury instructions include instructions
for a breach of contract claim.  However, no breach of contract claim
is preserved for trial in the FPO.  Further, the FPO incorporates by
reference the undisputed facts in the parties' Joint Pretrial
Statement ("JPS"), which includes the following statement about an
agreement: On October 27, 2003, Plaintiff entered into an Agreement,

1

Waiver and General Release (the "Agreement") with MortgageTree to jointly pursue a claim against MortgageTree's insurer to recover business losses caused by the fire.  The Agreement prescribes how any recovered insurance proceeds would be split between Plaintiff and MortgageTree. Specifically, Paragraph 2(d) provides that "[u]pon conclusion of the matter and payment of any claim for loss of business, [MortgageTree] and [Plaintiff] shall apportion the proceeds based upon the prorata share that such would have been shared if it were income in the normal course of business between [MortgageTree] and the Branch."  FPO at 3.

"A pre-trial order . . . supersedes the pleadings under Fed. R. Civ. P. 16 and controls the subsequent course of the action." Donovan v. Crisostomo, 689 F.2d 869, 875 (9th Cir. 1982) (quotation omitted).  "Issues not preserved in the pretrial order are eliminated from the action." Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450, 827 F.2d 1324, 1329 (9th Cir. 1987).  Defendants have not shown that their proposed breach of contract instructions concern an issue preserved for trial in the FPO.  Therefore, those proposed jury instructions are not included in the draft trial documents attached to this order.

In the JPS, Defendants argue that Plaintiff's complaint does not adequately allege a breach of fiduciary duty or disregard of the corporate entity claim, stating:

> No fiduciary relationship existed between Plaintiff and Defendants and therefore Plaintiff does not have standing to bring an action for breach of fiduciary duty.  No breach of duty of care or loyalty has been alleged in the pleadings to substantiate a cause of action for breach of a fiduciary duty. No factual allegations have been made in the pleadings that Defendants' Draizen and Mize had control over the proceeds or over

corporate decisions that could sustain an alter ego
theory of liability against them.

JPS at 5.  However, Plaintiff's complaint contains the conclusory
allegation that Defendants breached a "fiduciary duty", and seeks to
have MortgageTree's "corporate entity" disregarded.  Defendants have
not shown they are authorized to challenge the sufficiency of these
allegations in the JPS.

Each party's proposed jury instructions for Plaintiff's
breach of fiduciary duty claim are unclear.  The first element of each
proposed breach of fiduciary duty jury instruction contains the word
"agent," but the term "agent" is not explained.  An instruction shall
be filed that explains what factors the jury should consider when
deciding whether an agency relationship existed, or alternatively, an
explanation as to why this term need not be defined.  Further, the
breach of fiduciary duty jury instruction Plaintiff proposed does not
appear to address a cognizable claim since the first element of
Plaintiff's instruction concerns whether MortgageTree was Plaintiff's
agent yet the Plaintiff seeks to hold the individual defendants
liable.  The parties, therefore, are instructed to meet and confer for
the purpose of determining whether a satisfactory instruction can be
developed for Plaintiff's breach of fiduciary duty claim.

The jury instructions for Plaintiff's third claim, labeled
"disregard of the corporate entity," also appear deficient.
"Ordinarily, a corporation is regarded as a legal entity, separate and
distinct from its stockholders, officers and directors, with separate
and distinct liabilities and obligations.  A corporate identity may be
disregarded - the 'corporate veil pierced' - where an abuse of the
corporate privilege justifies holding the equitable ownership of a

corporation liable for the actions of the corporation.  Under the alter ego doctrine, then, when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation, in most instances the equitable owners."  Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (2000) (quotations and citations omitted).  In this case, however, no claim against MortgageTree has been preserved in the FPO, and Plaintiff has not shown what preserved claim for trial warrants the remedy Plaintiff seeks.

Each party is granted leave to file proposed, clarifying jury instructions on the issues preserved for trial.  Along with draft instructions, some voir dire questions are attached to this order.  Many of the voir dire questions the parties proposed are not included because they do not appear aimed at the objective of "fairly and adequately prob[ing] a juror's qualifications . . . ."  United States v. Toomey, 764 F.2d 678, 683 (9th Cir. 1985).  A proposed verdict form is not attached since it is unclear what jury instructions will be given.

Dated:  April 19, 2010

GARLAND E. BURRELL, JR.
United States District Judge

4

## Preliminary Instruction No. 1
### Duty of Jury

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## Preliminary Instruction No. 2
## Burden of Proof

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## Preliminary Instruction No. 3

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

# Preliminary Instruction No. 4
## Rulings on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## Preliminary Instruction No. 5
## Evidence for Limited Purpose

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## Preliminary Instruction No. 6
### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified   to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## Preliminary Instruction No. 7
## Conduct of the Jury

I am now going to give you jury admonitions that you must remember. When we take recesses I will reference these admonitions by telling you to remember the admonitions or something similar to that. You are required to follow these admonitions whether or not I remind you to remember them:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all the parties be

assured of the absolute impartiality they are
entitled to expect from you as jurors;

There may be occasions when you come upon one
of the attorneys or parties in this case outside
the courtroom.  The attorneys and parties are
now instructed not to communicate with you.
Therefore, their failure to acknowledge you
should not be interpreted as being impolite, but
merely following the Court's orders;

Third, do not read any news stories or
articles or listen to any radio or television
reports about the case or about anyone who has
anything to do with it;

Fourth, do not do any research, such as
consulting dictionaries, searching the Internet
or using other reference materials, and do not
make any investigation about the case on your
own;

Fifth, if you need to communicate with me
simply give a signed note to my courtroom deputy
clerk, who will give to me; and

Sixth do not make up your mind about what the
verdict should be until after you have gone to
the jury room to decide the case and you and
your fellow jurors have discussed the evidence.
Keep an open mind until then.

## Preliminary Instruction No. 8
## No Transcript Available to Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

## Preliminary Instruction No. 9
## Taking Notes

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## Preliminary Instruction No. 10
## Side Bar Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# Preliminary Instruction No. 11

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony.  Please do not assume that I hold any opinion on the matters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the court in arriving at your own findings as to the facts.

## Preliminary Instruction No. 12
## Outline of Trial

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for defendant may cross-examine.  Then defendant may present evidence, and counsel for plaintiff may cross-examine.

After the evidence has been presented,  the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**Closing Jury Instructions**

# INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case.  Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return. Unless otherwise stated, the instructions apply to each party.

# INSTRUCTION NO. 2

Although there is more than one defendant in this action, it does not follow that if one is liable, all are liable.  Each defendant is entitled to a fair consideration of that defendant's own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another.  Unless otherwise stated, all instructions given apply to the case against each defendant.

# INSTRUCTION NO. 3

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 4

The evidence from which you are to decide what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which have been received into evidence; and

    (3) any facts to which the lawyers have agreed or stipulated.

# INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.

You are to decide the case solely on the
evidence received at the trial.

# INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 7

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## INSTRUCTION NO. 8

In deciding the facts in this case, you may
have to decide which testimony to believe and
which testimony not to believe.  You may believe
everything a witness says, or part of it, or
none of it.

In considering the testimony of any witness,
you may take into account:

1.  the opportunity and ability of the
    witness to see or hear or know the things
    testified to;

2.  the witness' memory;

3.  the witness' manner while testifying;

4.  the witness' interest in the outcome of
the case and any bias or prejudice;

5.  whether other evidence contradicted the
witness' testimony;

6.  the reasonableness of the witness'
testimony in light of all the evidence; and

7.  any other factors that bear on
believability.

The weight of the evidence as to a fact does
not necessarily depend on the number of
witnesses who testify.

# INSTRUCTION NO. 9

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO. 10

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

# INSTRUCTION NO. 11

Certain charts and summaries have been received into evidence to illustrate facts brought out in the testimony of some witnesses. The charts and summaries are only as good as the underlying evidence that supports them.  You should therefore give them only such weight as you think the underlying evidence deserves.

## INSTRUCTION NO. 12
## SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

# INSTRUCTION NO. 13
## CONVERSION - ELEMENTS AND DAMAGES

Plaintiff alleges Defendants wrongfully exercised control over his personal property, which he contends comprises a portion of insurance settlement proceeds Zurich Insurance Company paid to MortgageTree.  To prevail on this claim, Plaintiff has the burden of establishing each of the following elements by a preponderance of the evidence:

First, Plaintiff was the owner of a specific, identifiable portion of the money paid by Zurich Insurance Company to MortgageTree;

Second, Defendant intentionally interfered with Plaintiff's ownership of the specific, identifiable portion of the money paid by Zurich Insurance Company to MortgageTree

Third, Defendant's conduct was a substantial factor in causing Plaintiff's harm

If you find that Plaintiff is entitled to recover damages for conversion, you should award Plaintiff the value of Plaintiff's share of the money paid by Zurich Insurance Company to MortgageTree at the time of the conversion, plus seven percent (7%) interest from the time of conversion.

# INSTRUCTION NO. 14

Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

There is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, may not be accurate, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

# INSTRUCTION NO. 15

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.

# **INSTRUCTION NO. 16**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 17

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

# INSTRUCTION NO. 18

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

# INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## Voir Dire

1. Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been provided to each party in the numerical sequence in which they were randomly selected and each juror has been placed in his or her randomly-selected seat.

2. I will ask a series of questions to the jurors as a group.  If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat first.  If no juror raises his or her hand, I will simply state "no response" for the record and then ask the next question.  If you know it is your turn to respond to a question, you may respond before I call your name by first stating your last name, then your seat number, and lastly your response. That should expedite the process.

3. This case is expected to take _____ days for the presentation of evidence, after which they will give you closing arguments. After closing arguments, I will give you closing jury instructions and you will begin your deliberations.  Because I handle criminal matters on Fridays and other civil matters on Mondays, we will only be in trial three days a week: Tuesday, Wednesday, and Thursday.  On the days we are in trial, we will begin at 9:00 a.m.

and usually end around 4:30 p.m.  As soon as you
commence jury deliberations, you will be
expected to deliberate as necessary during these
hours, including Mondays and Fridays, but not on
the weekends, until you complete your
deliberations.  Will any of you find it
difficult or impossible to participate in this
trial during these times?
4.  Is there any member of the panel have problem
that would make it difficult serve as a  jury on
this case?
5.  I will briefly describe the allegations in
this case for the purpose of seeing if this is
the type of case on which you could serve a fair
and impartial juror.
        Read essence of parties' Joint Statement
    7.  Is there anything about the allegations
in this lawsuit that causes any potential juror
to prefer not being a juror on this type of
case?

    6.  Would the plaintiffs' counsel introduce
himself, his clients, and indicate any witness
that plaintiffs may choose to call.
    7.  Defendants' counsel now has the
opportunity to do the same thing.
        Do you know any of the named individuals
or any of the potential witnesses; or ever had
any business or other dealings with any person
just named?
    8.  Have you ever served as a juror in a
criminal or a civil case, either in federal or
any other court?

        i.   Please state the nature of the case
and, without stating the result reached, state
whether the jury reached a verdict.

    9.  My deputy clerk will give juror number 1
a sheet on which there are questions that I want
each of you to answer.  Please pass the sheet to
the juror next to you after you answer the
questions.

        (a)      Name
        (b)      Age
        (c)      Educational background
        (d)      Your marital status
        (e)      Present and former occupations
                    for you and any person residing
                    with you
        (f)      Interests and hobbies
    10. Each side has dire-20 minutes for follow-
up voir dire.