IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ENNIS,  )
                                    )    2:08-cv-1301-GEB-EFB
           Plaintiff,          )
                                    )    <u>ORDER DENYING DEFENDANTS'</u>
      v.                          )    <u>MOTION FOR ATTORNEY'S FEES</u>[*]
                                    )
MORTGAGETREE LENDING, INC., a  )
California corporation; DIANA  )
GROSSMANN, an individual; ROBERT  )
DRAIZEN, an individual; PATRICK  )
MIZE, an individual; and RODNEY  )
LOWE, an individual and Trustee  )
of the R&K Lowe 1997 Revocable  )
Trust, the Merissa Shea Lowe  )
Irrevocable Trust, and the Kara  )
Brook Lowe Irrevocable Trust,  )
                                    )
           Defendants.         )
_____ )

         On June 1, 2010, Defendants Robert Lowe and Robert Draizen (collectively, "Defendants") filed a motion for attorney's fees under Federal Rule of Civil Procedure 54 and California Civil Code section 1717. (Docket No. 152.) A jury trial was held in this action on April 27 and 28, 2010, on Plaintiff's conversion claim. The jury found that Plaintiff prevailed on his conversion claim against Defendant Lowe and awarded Plaintiff $243,516.66, but found in favor of Defendant Draizen. Defendants argue they are entitled to attorney's fees under a contract since they are prevailing parties on Plaintiff's breach of contract, "disregard of the corporate entity" and breach of fiduciary duty claims. Defendant Draizen also argues he

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  is entitled to an award of attorney's fees since he is a prevailing
2  party on Plaintiff's conversion claim.  Plaintiff opposes Defendants'
3  motion, arguing that there is no contractual or statutory basis for
4  awarding attorney's fees to either Defendant.  For the reasons stated
5  below, Defendants' motion is DENIED.

## I. BACKGROUND

7       Plaintiff filed his complaint in Washington state court,
8  alleging claims of breach of contract, conversion, unjust enrichment,
9  wrongful withholding of wages, tortious interference with contractual
10 relations, breach of fiduciary duty, and negligence against
11 MortgageTree Lending, Inc. ("MortgageTree"), Diana Grossmann, Robert
12 Draizen, Patrick Mize and Rodney Lowe.  (Compl. ¶ 21.)  Plaintiff's
13 complaint also sought to "[d]isregard . . . MortgageTree's corporate
14 entity."  (Prayer for Relief ¶ 2.)

15      The state court case was removed to federal court and then
16 was transferred to this court.  Later, on November 11, 2009, the
17 parties filed a Joint Pretrial Statement ("JPS") in which the parties
18 stated that Plaintiff's following three claims against Defendants Lowe
19 and Draizen would proceed to trial: conversion, breach of fiduciary
20 duty, and disregard of the corporate entity.  However, at a pre-trial
21 hearing held on April 27, 2010, Plaintiff voluntarily dismissed his
22 breach of fiduciary duty and disregard of the corporate entity claims.

## II. LEGAL STANDARD

24      "Under the American Rule, the prevailing party [in
25 litigation] is ordinarily not entitled to collect a reasonable
26 attorneys' fee from the loser.  This default rule can, [however,]
27  . . . be over come by statute [or] . . . by an enforceable contract
28 allocating attorney's fees."  <u>Travelers Cas. & Sur. Co. of Am. v.</u>

Pacific Gas & Elec. Co., 549 U.S. 443, 448 (2007) (quotations and citations omitted). Defendants contend they are entitled to recover attorneys' fees under a fee shifting provision in the "Agreement, Waiver and General Release," (the "Agreement") entered into by Plaintiff and MortgageTree on October 27, 2003. (Lapcevic Decl. Ex. C.)

State law governs the interpretation and application of contractual attorney fee provisions. See Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 36 F.3d 785, 800 (9th Cir. 1993) (applying California law to interpret contract that included fee shifting provision). California Civil Code section 1717 ("section 1717") governs the recovery of attorneys' fees recoverable under a contract. See Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1237 (9th Cir. 2001) (stating that under California law, "where the parties have contractually obligated themselves to pay attorneys' fees" section 1717 governs.) Section 1717 provides in pertinent part:

> (a)  In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs . . . .
>
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract . . . .
>
> (2)  Where an action has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of this section.

3

1  Cal. Civ. Code § 1717.  "Therefore, in order for [Defendants] to
2  recover the attorney fees [they] seek[], (1) [a] contract must
3  authorize such fees, (2) [Defendants] must be the prevailing party,
4  and (3) the fees incurred must be reasonable." First Nat. Ins. Co. v.
5  MBA Const., No. 2:04-CV-836-GEB-JFM, 2005 WL 3406336, at *2 (E.D. Cal.
6  Dec. 12, 2005).

### III.  DISCUSSION

Defendants argue they are entitled to recover attorneys' fees under a fee shifting provision in the Agreement.  Plaintiff responds that since neither Defendant Draizen nor Defendant Lowe are a party to the Agreement, there is no contractual basis for awarding attorneys' fees, and further, Defendants are not prevailing parties under section 1717 on Plaintiff's claims.

The pertinent language of the Agreement provides:

> In the event any action or proceeding is brought to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in such action or proceeding.

(Lapcevic Decl. Ex. C.)

### A.  Plaintiff's Breach of Contract Claim

Defendants argue they prevailed on Plaintiff's breach of contract claim since Plaintiff "did not preserve [his breach of contract claim] . . . for trial[;] [n]or did [he] . . . voluntarily dismiss his breach of contract claim against Mortgage Tree Lending." (Memo. P. & A. in Supp. Mot. for Attorney's Fees 4:3-5.)  Defendants further contend that section 1717 "permits defendants who are prevailing parties in a matter on an alter ego theory of liability for breach of contract to recover reasonable attorney's fees." (Id. 4:22-24.)  Plaintiff rejoins that Defendants are not entitled to an award

4

1 of attorneys' fees since neither Defendant was a party to the
2 Agreement, nor were they a prevailing party on Plaintiff's breach of
3 contract claim.
4     "The prevailing party determination [under section 1717] can
5 be made only upon final resolution of the contract claims . . . ."
6 Poseidon Dev., Inc., v. Woodland Lane Estates, LLC, 152 Cal. App. 4th
7 1106, 1120 (2007) (quotations and citations omitted).  Plaintiff
8 abandoned his breach of contract claim when he failed to preserve this
9 claim for trial.  Therefore, there was no "final resolution" of
10 Plaintiff's breach of contract claim.  Plaintiff's failure to preserve
11 his breach of contract claim for trial was akin to a voluntary
12 dismissal, which prevents Defendants from prevailing on this claim
13 under section 1717.  Cf. Dodson v. Pan Pacific Retail Properties,
14 Inc., No. CIV S-02-0258 WBS/KJM, 2003 WL 25656778, at *1 (E.D. Cal.
15 Jun. 13, 2003) (holding that defendant was not prevailing party where
16 plaintiff abandoned claim prior to trial).  Therefore, this portion of
17 Defendants' motion is denied.

18     **B.  Plaintiff's "Alter Ego" Theory of Liability**

19     Defendants also argue they are entitled to recover
20 attorneys' fees for defending against Plaintiff's alter ego theory of
21 liability because section 1717 "permits defendants who are prevailing
22 parties in a matter on an alter ego theory of liability for breach of
23 contract to recover reasonable attorney's fees."  (Memo. P. & A. in
24 Supp. Mot. for Attorney's Fees 4:22-25.)  Plaintiff counters since
25 he  "voluntary dismiss[ed] his 'alter ego' claim . . . [this
26 dismissal] bars any claim for fees under" section 1717.  (Opp'n 2:6-
27 8.)
28

5

Under California law, "[a] claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, . . . but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud or promote a injustice." Hennessey's Tavern, Inc. v. Am. Air Filter Co., 204 Cal. App. 3d 1351, 1358 (1998).  In this case, Plaintiff alleged the alter ego theory of liability to hold the individual Defendants liable for MortgageTree's breach of the Agreement.  However, when Plaintiff abandoned his breach of contract claim, there was no longer a substantive claim to support his alter ego theory of liability.  Since Defendants are not a prevailing party on Plaintiff's breach of contract claim, they are not entitled to recover fees for defending against Plaintiff's alter ego theory of liability, which was premised upon Plaintiff's breach of contract claim.

### C.  Plaintiff's Breach of Fiduciary Duty Claim

Defendants further argue they are entitled to attorneys' fees for prevailing on Plaintiff's breach of fiduciary duty claim. Defendants contend "[t]he contractual language in [the Agreement] . . . is sufficiently broad to permit all actions and not just actions based on contractual violations." (Memo. P. & A. in Supp. Mot. for Attorney's Fees 6:7-12.)  Plaintiff rejoins that the Agreement does not encompass Plaintiff's tort claims and that neither Defendant is a party to the Agreement.  (Opp'n 3:1-4, 7:22-24.)

Plaintiff voluntarily dismissed his breach of fiduciary duty claim at the pre-trial hearing held on April 27, 2010.  Therefore,

Defendants are not a prevailing party on this claim under section 1717. See Cal. Civ. Code § 1717(b)(2) (stating that "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party"). Further, Defendants have not shown that they may recover attorneys' fees under a contract to which they are not a party. Defendants, therefore, are not entitled to recover fees for defending against this claim.

### D. Plaintiff's Conversion Claim

Lastly, Defendant Draizen contends he is entitled to recover attorneys' fees under the Agreement since he prevailed on Plaintiff's conversion claim. Plaintiff rejoins that Defendant Draizen may not recover fees since he was not a party to the Agreement nor is the language of the Agreement broad enough to encompass Plaintiff's conversion claim.

Defendant Draizen has also not shown that the Agreement, to which he is not a party, authorizes him to recover fees for prevailing on Plaintiff's conversion claim nor that the fee-shifting provision encompasses Plaintiff's conversion claim. Therefore, Defendant Draizen is not entitled to attorneys' fees for prevailing on Plaintiff's conversion claim.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion for attorney's fees is DENIED.

Dated: August 24, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge